IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 01-51071
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSÉ LUIS DOMINGUEZ-DOMINGUEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-99-CR-227-ALL
--------------------
September 6, 2002

Before HIGGINBOTHAM, JONES and DUHÉ, Circuit Judges.

PER CURIAM:[1]

José Luis Dominguez-Dominguez, federal prisoner # 95254-080, appeals from the denial of his post-judgment motion to dismiss his indictment, which charged him with illegal reentry. We construe his motion as one seeking relief pursuant to Federal Rule of Criminal Procedure 12(b)(2). Dominguez raises an argument parroting the holding of Apprendi v. New Jersey, 530 U.S. 466 (2000), that his indictment was defective insofar as it failed to

———————————

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

charge that he had been deported following a conviction for an aggravated felony and, therefore, that the court lacked jurisdiction to sentence him beyond the two-year maximum of 8 U.S.C. § 1326(a).

Federal Rule of Criminal Procedure 12(b) requires that defenses based on defects in the indictment be raised prior to trial, save a defense that the indictment failed to charge an offense, which "shall be noticed by the court at any time during the pendency of the proceedings."  FED. R. CRIM. P. 12(b)(2). Dominguez argues that his challenge to the indictment can be raised at any time because he is alleging that it failed to charge an offense.

Dominguez is incorrect when he argues that his prior felony conviction is an element of his illegal reentry offense which was required to be charged in the indictment. See Almendarez-Torres v. United States, 532 U.S. 224, 236 (1998) (enhanced penalties of 8 U.S.C. § 1326(b) are sentencing factors and not elements of the offense).  Nevertheless, even if Apprendi called Almendarez-Torres's holding into question, in United States v. Cotton, 122 S. Ct. 1781 (2002), the Supreme Court rejected an Apprendi challenge to an indictment based on its failure to charge drug quantity, holding that a defective indictment does not deprive a court of jurisdiction.  Cotton, 122 S. Ct. at 1785.  Consequently, Rule 12(b)(2)'s provision that defenses and objections based on the indictment's failure to show jurisdiction or to charge an offense

2

"shall be noticed by the court at any time during the pendency of the proceedings" is meaningless in an <u>Apprendi</u>-claim situation. Dominguez's claim therefore falls into the residual category of defects which must be raised prior to trial.  <u>See</u> FED. R. CRIM. P. 12(b)(2).  His claim was raised post-judgment.  Rule 12(b)(2) therefore affords him no relief.

AFFIRMED.